UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIE ALEXANDER BANKS,

       Plaintiff,

v.                            Case No:   2:19-cv-755-FtM-29NPM

MIKE POMPEO, LAUREL M. LEE,
WILLIAM BARR, ASHLEY MOODY,
CARMINE MARCENO, GENE
SPAULDING, and JOSIAH SHIBLY,

       Defendants.

_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on the "Treaty" and "Notice of Estoppel and Stipulation of Constitutional Challenge to all Washington, District of Columbia and State of State Statutes . . and Motion to Intervene With an Injunction for Name Banks, Eddie Alexander dba Eddie Alexander Banks ®©™," filed on October 17, 2019.   (Doc. 1, p. 1 (alteration in original)).   Plaintiff Eddie Alexander Banks also filed an Affidavit of Indigency seeking leave to proceed without the prepayment of costs or fees.   (Doc. 2).

When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.   Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915.[1]   A complaint

_____

[1]   This statute section governs in forma pauperis actions instituted by prisoners, but has been interpreted to apply to all litigants requesting leave to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *see also Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

The Court begins by reviewing Plaintiff's Affidavit of Indigency (Doc. 2). The Affidavit must be notarized, but Plaintiff failed to comply with this requirement. (Doc. 2, p. 5). The Court finds the Affidavit deficient.

The Court turns to Plaintiff's "Treaty" and "Notice of Estoppel and Stipulation of Constitutional Challenge to all Washington, District of Columbia and State of State Statutes . . and Motion to Intervene With an Injunction for Name Banks, Eddie Alexander dba Eddie Alexander Banks ®©™." The Court construes this document as an attempt to file a complaint pursuant to Rule 3 of the Federal Rules of Civil Procedure. (Doc. 1). Overall, Plaintiff's filing is unintelligible.

Plaintiff begins by challenging all District of Columbia and State statutes "WHERE No general law affecting private rights, shall be varied in any particular case, by special legislation, except the free consent, in writing of all persons to be affected thereby." (Doc. 1, p. 1). Plaintiff cites to an Act from 1871, and then takes further notice of certain Articles in the United States Constitution and the Florida Constitution. (*Id.*, pp. 2-5). Next, Plaintiff includes a general "Plain Statements of Facts," such as "A man has been deprived of equality before the law, trespassed upon certain inalienable rights. CFN # 110651873." (*Id.*, pp. 5-6). Finally, Plaintiff asserts that he is the "1st lien holder of the 14th amendment person Eddie Alexander Banks, corp. sole dba EDDIE ALEXANDER BANKS did not consent for me or my private property to being a 14th amendment citizen

of the U.S. or STATE OF FLORIDA or any other state other then [sic] his own in writing or any other consideration, especially since this was done by my mother without full disclosure when I was a baby." (*Id.*, p. 6).

Pursuant to Fed. R. Civ. P. 8, a pleading must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2)     a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). The allegations in the Treaty and Notice are so unclear that they do not :   (1) establish that this Court has jurisdiction in this matter; and (2) show that Plaintiff is able to assert a claim upon which relief may be granted.

The Court recognizes that when reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, No. 3:19-CV-385-J-39JRK, 2019 WL 1676203, at *1 (M.D. Fla. Apr. 17, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)).  But this duty to construe a pro se litigant's pleadings liberally does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).   Pro se litigants are also required to conform to the procedural rules.  *Tsidhqiyah El v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 6621371, at *1 (M.D. Fla. Sept. 10, 2018), *report and recommendation adopted sub nom. Geysi Tsidhqiyah EL v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 5807507 (M.D. Fla. Nov. 6, 2018).

Here, Plaintiff fails to conform to the procedural rules and fails to state a valid cause of action.   Indeed, the Treaty and Notice, which purports to be the operative complaint in this action, is unintelligible and incomprehensible.   In addition, Plaintiff does not state a valid cause of action or allege how this Court has jurisdiction over this matter.   Further, while Plaintiff does not assert that he is a "sovereign citizen," his arguments appear similar to the sovereign citizen arguments that courts have routinely dismissed as frivolous.   *See Mitchell v. Vesely*, No. 5:17-CV-325-OC-30PRL, 2017 WL 11049094, at *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous.").

Normally, the Court would provide a pro se party at least one opportunity to amend a pleading prior to dismissal.   *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019).   However, if a court finds that any amendment would be futile because a more carefully crafted complaint would still not be able to state a claim, then a court may dismiss the action without affording the party an opportunity to amend.   *Id.* (affirming dismissal without leave to amend of a similarly frivolous, sovereign-citizen like complaint); *see also Tsidhqiyah El*, 2018 WL 6621371, at *2 (citing *Linge v. State of Georgia Inc.,* 569 F. App'x 895, 896 (11th Cir. 2014) ("[T]o the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is 'wholly insubstantial and frivolous.'")).   In this case, given the fact that the Treaty and Notice are wholly insubstantial, unintelligible, and frivolous, the Court recommends that the Affidavit of Indigency, construed as a motion to proceed in forma pauperis be denied

- 4 -

and this action be dismissed without affording Plaintiff an opportunity to amend.

It is **RESPECTFULLY RECOMMENDED**:

(1) The Affidavit of Indigency (Doc. 2), construed as a Motion to Proceed In Forma

Pauperis, be **DENIED**.

(2) This action be **DISMISSED**.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 11,

2019.


*Nicholas P. Mizell*

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation.   *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties